# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS L. CLARK, SR., | ) | CASE NO. 3:19CV1366 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN EDWARD SHELDON, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* petitioner Marcus L. Clark, Sr. is confined at the Mansfield Correctional Institution in Mansfield, Ohio. On June 12, 2019, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his October 2017 conviction in the Lucas County Court of Common Pleas pursuant to Ohio Rev. Code § 2921.05(B) and (C) (Case No. CR-17-1343) for which he was sentenced to a period of eighteen months. (ECF DKT #1). In the Petition, Clark asserts two grounds for relief: (1) his conviction was against the manifest weight of the evidence; and (2) the trial court erred in denying his motion to dismiss the indictment.

An application for a writ of habeas corpus by a person in state custody pursuant to a state court judgment shall not be granted unless it appears that the petitioner has exhausted all state court remedies. *See Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c) and collecting cases). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id*. (citing among authority *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 302-03 (1984)).

It is Clark's burden to establish that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citing *Hopkins v. State,* 524 F.2d 473, 474-75 (5th Cir. 1975)). But for each ground asserted, Clark indicates on the face of the Petition that his post-conviction proceedings remain pending. (*See* ECF DKT #1 at 6-7). Because Clark has not fully exhausted his state court remedies, his § 2254 petition must be dismissed.

For all of the foregoing reasons, Clark's petition for a writ of habeas corpus is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases. Clark's motion to consolidate is moot and denied as such. (ECF DKT #4).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                                        s/Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: August 13, 2019**